The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, Arkansas 72601-2309
Dear Representative Milum:
This is in response to your request, on behalf of a constituent, for an opinion regarding the interpretation of Act 1326 of 1999. That act revises the composition of the county boards of equalization. Your constituent notes that the title of that act includes language investing the "COUNTY QUORUM COURTS WITH THE AUTHORITY TO APPOINT ITS OWN MEMBERS TO THE BOARDS. . . ." The question posed by your constituent is whether this language might be interpreted to mean that a member of the Quorum Court could be appointed to the Equalization Board.
It is my opinion that the answer to this question is "no."
Act 1326 makes several revisions to A.C.A. §§ 26-27-301 to -321 (Repl. 1997). Among other things, it adds a one-year durational real property ownership requirement for members of county boards of equalization. It increases the number of members on the county boards of equalization in most cases from three to five members, with the additional members being appointed by the quorum court.[1] The relevant language of the Act states that "[t]wo members shall be appointed by a majority vote of the county quorum court." Acts 1999, No. 1326, § (a)(1)(D).[2] This language, in my opinion, does not refer to or contemplate the appointment of quorum court members to the boards of equalization, but merely invests those officials with the power to select, by majority vote, two persons to serve on the board.
The language of the title of the act, referenced by your constituent, does not, in my opinion, overcome this clear expression intent in the body of the act. See, e.g., Weir v. U.S., 339 F.2d 82 (8th Cir. 1964) (the title of an act cannot overcome the meaning of plain and unambiguous words used in the body); and Quinney v. Pittman, 320 Ark. 177,895 S.W.2d 538 (1995) (where language of statute is certain and the intent obvious, Supreme Court may not resort to search of the title).
In my opinion, even if the title of Act 1326 were properly considered, the language of the title referring to the quorum court's authority to appoint "its own members to the boards," refers to persons selected by the quorum court as "members" of the board of equalization, not to "members" of the quorum court. The language "own members" is used in the possessory sense, not to refer to members of the quorum court themselves. This is consistent with other language used in Act 1326 and with pre-existing language of the statute amended. See, e.g., A.C.A. § 26-27-304
(b)(1)(A)(i) and (ii) (referring to the members selected by the school boards as "their members"); and A.C.A. § 26-27-304 (b)(3) (referring to the county judge's appointees as "his members").
It is therefore my opinion that the answer to your question is "no."[3]
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] In counties with a population over 79,000 the board may consist of nine members. Act 1326 revises the method of appointment of these boards to include three members appointed by a majority of the county quorum court. Acts 1999, No. 1326, § 3.
[2] In counties with nine member boards, the act provides that "[t]hree members shall be appointed by a majority vote of the county quorum court." Acts 1999, No. 1326, § (a)(2)(D).
[3] This office has previously opined that the simultaneous holding of the positions of quorum court member and member of the county board of equalization is unlawful as a violation of the common law "incompatibility doctrine." See Op. Att'y Gen. 97-143. Act 1326, in my opinion, does nothing to change this conclusion.